# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DEENA BRYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| LEADING EDGE RECOVERY SOLUTIONS | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEENA BRYCE (Plaintiff), through her attorneys, KROHN & MOSS, LTD.,

alleges the following against LEADING EDGE RECOVERY SOLUTIONS, INC., (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in The Colony, Denton County, Texas

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Chicago, Cook County, Illinois.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant places telephone calls without meaningful disclosure of the caller's identity.

13. Defendant fails to disclose in subsequent communications that the call is from a debt collector.

14. Defendant calls Plaintiff at work despite Plaintiff telling Defendant to stop calling her at work because her employer prohibits Plaintiff from receiving such communications.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff.

   b. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at

her job after Plaintiff told Defendant to stop calling her at work because her employer prohibits her from receiving such calls at work.

c.  Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

d.  Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

e.  Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

f.  Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

g.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, DEENA BRYCE, respectfully requests judgment be entered against Defendant, LEADING EDGE RECOVERY SOLUTIONS, INC., for the following:

16. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

17. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Actual damages,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


By:_____/s/ Michael S. Agruss_____
        Michael S. Agruss
        Attorneys for Plaintiff
        Krohn & Moss, Ltd.
        120 W. Madison Street
        10th Floor
        Chicago, IL 60602
        Tel: 323-944-2400 x235
        Fax: 866-583-3695
        magruss@consumerlawcenter.com


## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEENA BRYCE, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

Plaintiff, DEENA BRYCE, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DEENA BRYCE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

12/14/2009
Date

Deena K. Bryce
DEENA BRYCE